NO. 07-07-0438-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 29, 2008

_____


MICHAEL ANTHONY DIAZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-07F-105; HON. ROLAND SAUL, PRESIDING

_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**


Appellant, Michael Anthony Diaz, appeals his conviction for assault on a public servant, enhanced by two prior felony convictions, and subsequent sentence of 25 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Through two issues, appellant contends that he did not execute a voluntary waiver of his right to assistance of counsel and that he was denied the right to assistance of counsel. We disagree and affirm the judgment of the trial court.

## Factual and Procedural Background

Appellant was arrested for the offense of public intoxication. During the booking procedure, appellant was accused of punching a jailer. As a result of this allegation, appellant was indicted for assault on a public servant.

After indictment, appellant executed an affidavit regarding his financial status. As a result of this affidavit, the trial court found appellant indigent and, on July 3, 2007, appointed counsel to represent appellant. Appointed counsel subsequently filed a waiver of arraignment on behalf of appellant on July 20, 2007. Between that date and October 5, 2007, trial counsel filed a number of pre-trial motions on behalf of appellant, including a motion to recuse the trial judge. Ultimately, after a two day hearing, the motion to recuse was denied and the matter was set for trial to begin on October 9, 2007. During a pre-trial hearing on October 5, 2007, appellant, for the first time, requested that the trial court relieve his appointed attorney. During a colloquy with the court regarding the dismissal of trial counsel, appellant stated that he had no legal training, though he had studied law a little while in prison. Ultimately, appellant stated to the trial court that he could not represent himself and the issue of dismissing appellant's trial counsel was resolved.

On October the 9th, immediately before jury selection was scheduled to begin, appellant again asked to dismiss his trial counsel, however, this time appellant opined that he could represent himself. During the colloquy that followed, the trial court inquired about the extent of appellant's formal education. Appellant replied that he went to the 11th grade in school but had completed his GED while in prison. Further, appellant stated that he

2

studied at Lee College while in prison and was a certified HVAC technician. Appellant then professed that he knew he was not a paralegal but that he felt he could represent himself better on this case because he knew what happened. The trial court continued the inquiry by asking appellant if he knew anything about jury voir dire. Appellant responded that he would talk to the jury about where they worked, if they were prejudiced, and if they had ever served on a jury. The trial court then advised appellant that there were a number of procedures that would come into play during the trial, such as opening statements, cross-examination of witnesses, and the rules of evidence. The trial court advised appellant that these procedural and evidentiary matters take years to master and that he would be at a severe disadvantage. During this admonition, the trial court advised that he had seen a number of defendants try to represent themselves and, in every case, self-representation turned out to be a disaster for the defendant. Yet, appellant continued to insist on the right to represent himself. Finally, the trial court continued to point out the danger of self-representation and the fact that appellant would have to be held to the same standard that a licensed attorney was held to. The trial court stated that the court could not assist appellant and that he would have to make his own objections and decisions. Appellant still insisted on representing himself. Toward the conclusion of the hearing on appellant's right to self-representation, appellant appeared to ask to have his appointed lawyer start the case and, if appellant did not like the job the appointed lawyer was doing, appellant could take over the representation. The trial court advised appellant that the court could not permit a hybrid representation. The appellant then stated he was going to represent himself.

The trial court advised he would permit appointed counsel to sit at counsel table as standby attorney, however, he would not be allowed to participate as long as appellant insisted on representing himself. The jury panel was brought in and voir dire was conducted with appellant conducting his own voir dire. Opening statements were made with appellant again representing himself during this portion of the trial. After the State's first witness completed direct examination, appellant attempted to cross-examine the witness, but drew numerous objections from the State. At this time, appellant requested the trial court to allow standby counsel to take over the representation. The trial court permitted standby counsel to assume the representation, but admonished appellant that there was to be no further switching back to self-representation.

The jury subsequently convicted appellant and found that both enhancement paragraphs were true. The jury returned a punishment verdict of confinement for 25 years and the trial court subsequently entered a judgment in conformity with the verdict.

Appellant appeals the trial court's judgment by contending that he did not effectively waive his constitutional right to counsel and that the trial court's refusal to allow both he and his counsel to be heard denied him his right to assistance of counsel. We disagree.

Waiver of Counsel

By his first issue, appellant contends that the trial court erred in allowing appellant to begin the case representing himself. The essence of appellant's argument is that the trial court did not properly admonish appellant about the dangers of self-representation and, therefore, appellant did not effectively waive his right to counsel.

4

Initially, we observe that a criminal defendant has a constitutional right to represent himself at trial. See Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, before allowing a criminal defendant to represent himself, the trial court must take certain steps to ensure that the defendant's decision is made 1) competently, 2) knowingly and intelligently, and 3) voluntarily. Id. The law does not require that the defendant have the skill or experience of an attorney, however, the defendant must be made aware of the dangers and disadvantages of self-representation in order to competently and intelligently make the choice. Id. Texas adheres to the same type of analysis in determining whether a criminal defendant has properly waived his right to counsel. See TEX. CRIM. PROC. CODE ANN. art. 1.051(g) (Vernon 2005); Collier v. State, 959 S.W.2d 621, 626 (Tex.Crim.App. 1997). Additionally, the record should demonstrate that the defendant was not coerced for there to have been a voluntary waiver of the right to an attorney. Collier, 959 S.W.2d at 626.

There is no courtroom script or formula for the trial judge to recite when a criminal defendant requests to represent himself. See Blankenship v. State, 673 S.W.2d 578, 583 (Tex.Crim.App. 1984). The trial judge cannot sit idly by when a criminal defendant requests to represent himself, rather, the trial judge must actively participate in assessing the defendant's waiver of counsel. Id. We must review the entire record and the totality of the circumstances to ascertain if the criminal defendant's waiver of his right to counsel was properly made. Id.

In the case before this Court, the trial judge initially inquired about appellant's education. Appellant advised that although he only went to the 11th grade in school, he

5

had completed his GED. Further, appellant advised he had obtained further technical education while in prison. The trial court went to great lengths to admonish appellant about the dangers of self-representation. In fact, the record affirmatively reflects that the trial court attempted to talk appellant out of the decision to represent himself. Under such a scenario, we cannot say that appellant did not effectively waive his right to counsel. Faretta, 422 U.S. at 835; Collier, 959 S.W.2d at 626. Accordingly, appellant's first issue is overruled.

## Denial of Counsel

Appellant's second issue seems to contend that the trial court erred by not allowing both appointed counsel and appellant to conduct the initial voir dire, opening statement, and cross-examination of the first witness. To support this proposition, appellant cites the Court to the Texas Constitution and the Texas Code of Criminal Procedure. See TEX. CONST. art. 1, § 10; TEX. CRIM. PROC. CODE ANN. art. 1.05 (Vernon 2005). However, appellant's analysis of the constitutional and statutory provisions ignores a long standing holding by the Texas Court of Criminal Appeals that an appellant has no right to hybrid representation. See Landers v. State, 550 S.W.2d 272, 280 (Tex.Crim.App. 1977). The right to be "heard by himself, or counsel, or both" that appellant contends means he could have a form of hybrid representation has been construed by the Texas Court of Criminal Appeals to mean the right to present his side of the story, but not to hybrid representation. Id. at 278. Appellant has not furnished this Court with any authority to allow the type of hybrid representation discussed in his second issue and we have found none. Accordingly, appellant's second issue is overruled.

6

Conclusion

Having overruled appellant's issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice

Do not publish.